IN THE UNITED STATES DITRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BEST VACUUM, INC., an Illinois Corporation,  )<br>　　　　　Plaintiff,　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>MH VACUUM & SEWING MACHINE,　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　Defendant.　　　　　　　　)  | 07 CV 7176<br><br>Judge Coar,<br>Magistrate Judge Nolan. |

**EMERGENCY MOTION
FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

　　　　Plaintiff, BEST VACUUM, INC. ("Plaintiff"), through its attorneys, moves this Court pursuant to Federal Code of Civil Procedure, Rule 65(b) for an entry of a temporary restraining order and preliminary injunction, restraining Defendant, MH VACUUM & SEWING MACHINE ("Defendant"), from using the Internet domain name "bestvacuumcleaners.net" in connection with the sale of vacuum cleaners and accessories.

　　　　Plaintiff has filed a Complaint for Trademark Infringement, Trademark Dilution, Unfair Competition and Deceptive Trade Practices ("Complaint"), and further states as follows:

　　　　1.　　Since May of 1996 Plaintiff has used "BESTVACUUM.COM" to identify its online retail store. On March 6, 2007 the mark "BESTVACUUM.COM" was registered with the United States Patent & Trademark Office, Reg. No. 3,214,717. Plaintiff currently offers vacuums, and accessories for sale directly to consumers via the Internet using the mark BESTVACUUM.COM. (Complaint, Paragraph 9.)

　　　　2.　　In the summer of 2007, Defendant began to advertise and promote itself and its vacuum cleaner products under the name "bestvacuumcleaner.net." On June 11, 2007 and July 10, 2007, Best Vacuum sent Defendant cease and desist letters demanding that Defendant cease use of the domain name bestvacuumcleaner.net on the ground that it was confusingly similar to Plaintiff's registered trademark BESTVACUUM.COM. (Complaint, Para. 3) True and correct copies of the letters are attached hereto as Exhibit A and Exhibit B.

　　　　3.　　 Defendant has never replied to any of these letters and has failed to comply with Best Vacuum's demand to cease use of "bestvacuumcleaner.net." Defendant continues to offer vacuum cleaners and accessories for sale directly to consumers using "bestvacuumcleaner.net."

4.      On December 24, 2007, Plaintiff filed its Complaint in the present matter. On February 13, 2008, Defendant was served with a copy of the Complaint and Summons and Defendant executed and returned the Waiver of Summons.

5.      Subsequent to Defendant's return of the Waiver of Summons, Defendant changed the web pages located at bestvacuumcleaner.net by removing all instances of its company name, "MH Vacuum & Sewing Machine" and replacing them with an image file consisting of the separated words "Best," "vacuumcleaner," ".net." A true and correct copy of the image has been attached hereto as Exhibit C. (See, Affidavit of Paul Teven, attached.)

6.      Subsequent to Defendant's return of the Waiver of Summons, Defendant has altered the Web site Meta-Information, information that Internet Search Engines use to return relevant search results based upon a user's search keywords. Defendant has included the term "Miele" in its Meta-Information despite the fact that Defendant does not sell Miele brand products on the web site located at bestvacuumcleaner.net and the fact that Miele has ordered Defendant to remove the term "Miele" from the web site located at bestvacuumcleaner.net. (See, Affidavit of Paul Teven)

7.      Plaintiff is one of the nation's leading authorized Miele-brand vacuum dealers. Defendant has included the term Miele in its Meta-Information specifically for the purpose of attracting and confusing Plaintiff's existing and prospective customers. (See, Affidavit of Paul Teven)

8.      As a result of Defendant's deceptive acts, Defendant's web site and domain name have appeared ahead of Plaintiff in search engine rankings and Defendant's web site and domain name has confused prospective customers. Plaintiff has been contacted by customers who have called Plaintiff after first calling Defendant, believing that they were visiting Plaintiff's site when, in fact, such customers were viewing Defendant's. (See, Affidavit of Paul Teven)

9.      The use of another's trademark in a manner reasonably calculated to capture initial consumer attention, even though no actual sale is finally completed as a result of the confusion is called "Initial Interest Confusion." *Brookfield Communications, Inc.* v. *West Coast*, 174 F.3d 1056 (9th Cir. April 22, 1999). This form of dilution is prohibited. *Eli Lilly & Co.* v. *Natural Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000)

10.     As a result of Defendant's deceptive acts, consumers are actually confused and the source-identifying function of Plaintiff's trademark is being diminished.

11.     The injunctive relief Plaintiff now seeks is necessary to restore the status quo ante and to protect Plaintiff from substantial and irreparable injury to its business and trademark that Plaintiff will sustain if Defendant is permitted to continue to offer identical products for sale using a domain name that is confusingly similar to Plaintiff's mark. The substantial and irreparable injury that Plaintiff has and will continue to sustain is set forth in Plaintiff's Complaint.

12. To obtain a preliminary injunction or temporary restraining order, a party must demonstrate: (1) likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm. *Ty, Inc.* v. *Jones Group, Inc.,* 237 F.3d 891, 895 (7th Cir. 2001) (citing *Abbott Labs* v. *Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir. 1992)). Once these three conditions are met, Courts (1) balance the hardship the non-moving party will suffer if the injunction is granted against the hardship suffered by the movant if the injunction is not granted, and (2) consider the public interest when deciding whether to grant or deny the injunction. *Storck USA, L.P.* v. *Farley Candy Co.,* 14 F.3d 311, 314 (7th Cir. 1994). The greater the likelihood of success on the merits, the less irreparable harm is necessary for an injunction to issue. *Gateway Eastern Ry. Co.* v. *Terminal R.R. Ass'n of St. Louis*, 35 F.3d 1134, 1137 (7th Cir. 1999).

13. Plaintiff's Complaint sets forth Plaintiff's clearly ascertainable right to protect itself against the trademark infringement, trademark dilution and unfair competition caused by Defendant's misuse of Plaintiff's mark and demonstrates the likelihood of Plaintiff's success on the merits of its claims against Defendant.

14. At this stage, Plaintiff need only show that it has a "better than negligible" chance of succeeding on the merits to justify injunctive relief. Plaintiff has submitted evidence attesting to the registration of its trademark in the principal register of the United States Patent and Trademark Office. These registrations is "prima facie evidence of the validity of the registered mark" and of Plaintiff's exclusive right to use these registered trademarks in connection with its products. 15 U.S.C. § 1115(a). See also, *Caterpillar,* 287 F. Supp. 2d at 921, and *International Kennel Club of Chicago, Inc.* v. *Mighty Star, Inc.,* 846 F.2d 1079, 1084 (7th Cir. 1988).

15. Plaintiff has no adequate to remedy at law or in equity for the injury it has sustained and will continue to sustain unless Defendant's conduct is restrained. Plaintiff's custoemrs are being confused and Plaintff's brand is being diminished. Courts have recognized that such irreparable harm is "not susceptible to adequate measurement for remedy at law…" See *International Kennel Club of Chicago, Inc.* 846 F.2d at 1092.

16. It is well recognized that "irreparable harm is generally presumed in cases of trademark infringement and trademark dilution." *Caterpillar,* 287 F. Supp. 2d at 921, See also *Eli Lilly & Co.* 233 F.3d at 469 (7th Cir. 2000) (quoting *Dorr-Oliver, Inc.* v. *Fluid-Quip, Inc.,* 94 F.3d 376, 381 (7th Cir. 1996)); see also *Abbott Labs* 971 F.2d at 16 (regarding the "well-established presumption that injuries arising from Lanham Act violations are irreparable, even absent a showing of business loss").

17. Because of Plaintiff's likelihood of success on the merits, on balance, Defendant faces lesser hardship than Plaintiff if this Motion in granted. Balancing of the harms employs a "sliding scale" analysis – the greater the movant's likelihood of success on the merits, the less strong a showing the movant must make that the balancing of harms weighs in its favor. *Storck USA, L.P.* at 314. Furthermore, enjoining Defendant's use of the domain name "bestvacuumcleaners.com" in no way prevents Defendant from continuing to do business or from using its other domain names.

18. Granting the Motion is clearly in the best interest of the public because it will prevent the occurrence of consumer confusion, initial interest confusion and prevent the Defendant from free-riding on goodwill associated with Plaintiff's registered trademark. It is in the public interest when courts attempt to minimize the costs of being mistaken. *Caterpillar,* 287 F. Supp. 2d at 922.

**WHEREFORE**, Plaintiff, respectfully requests that this honorable Court enter judgment in its favor and against Defendant grant the following relief:

(a) Enter an Order preliminarily and permanently enjoining Defendant from using the "bestvacuumcleaner.com" domain name, or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of vacuum cleaners or other similar products; and

(b) Such other relief as the Court deems just.

DATED this 4th day of March, 2008.

DAVID M. ADLER, ESQ. & ASSOCIATES, PC

By:

[signed] /David M. Adler/
David M. Adler, ISBA #6242403

David M. Adler
David M. Adler, Esq. & Assoc. PC
161 N. Clark St., Suite 2550
Chicago, IL 60601
Phone: (312) 379-0236
Fax: (312) 275-7534