IN THE UNITED STATES DITRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BEST VACUUM, INC., an Illinois Corporation,<br>        Plaintiff,<br><br>        v.<br><br>MH VACUUM & SEWING MACHINE,<br><br>        Defendant. | )<br>)<br>)<br>)<br>) 07 CV 7176<br>)<br>) Judge Coar,<br>) Magistrate Judge Nolan.<br>)<br>)<br>) |

TEMPORARY RESTRAINING ORDER

    Plaintiff BEST VACUUM, INC. ("Plaintiff"), having filed its Complaint for Trademark Infringement, Trademark Dilution and Unfair Competition arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. § 1114(1)(Trademark Infringement), 15 U.S.C. § 1125(c)(Trademark Dilution), and 15 U.S.C. § 1125(a)(Unfair Competition), and for deceptive trade practice arising under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and having moved with notice for a Temporary Restraining Order, and the Court having considered the Complaint, declarations and exhibits filed in support thereof and now being advised in the premises, finds that:

    1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it has jurisdiction over the parties;

    2. Venue properly lies with this Court;

    3. There is good cause to believe that Defendants have engaged in and are likely to continue to engage in acts and practices that violate §§ 32 and 43 of the Lanham Act, and 815 ILCS 510/2, and that Plaintiff is therefore likely to prevail on the merits of this action;

    4. There is good cause to believe that immediate and irreparable damage to the Plaintiff's trademark will occur unless Defendants are immediately restrained and enjoined by Order of this Court. The evidence set forth in Plaintiff's Motion for Temporary Restraining Order and in the accompanying declarations and exhibits, demonstrates that Defendant has engaged in a concerted course of illegal activity by deceptively marketing and selling products in violation of §§ 32 and 43 of the Lanham Act, and 815 ILCS 510/2;

    5. Weighing the equities and considering the Plaintiff's likelihood of success, this Order is in the public interest; and

6. The amount of the bond, if any, is left to the discretion of the court. *Am. Hosp. Supply Corp. v. Mueller*, 780 F.2d 589 (7th Cir. 1986). See, Fed. R. Civ. P. 65(c).

I. PROHIBITED BUSINESS ACTIVITIES

IT IS THEREFORE ORDERED that Defendant and its officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from using the Internet Domain Name "bestvacuumcleaner.net" or any similar representation thereof and that Defendant shall immediately disable the web site located at "bestvacuumcleaner.net."

II. DISTRIBUTION OF ORDER BY DEFENDANT

IT IS FURTHER ORDERED that Defendant shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, agent, attorney, spouse, and representative of Defendant, and shall, within ten (10) days from the date of entry of this Order, provide the Plaintiff with a sworn statement that Defendant has complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of the Order.

III. DURATION OF TEMPORARY RESTRAINING ORDER

IT IS FURTHER ORDERED that the Temporary Restraining Order granted herein shall expire on April 7, 2007 at 10:00 a.m., unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed ten (10) days, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

IV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this 13th day of March 2008, at 9:00 a.m.

MAR 13 2008

Enter:

David H. Coar, United States District Judge