IN THE UNITED STATES DITRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BEST VACUUM, INC., an Illinois Corporation, | ) |
| | ) |
| Plaintiff, | ) **07 CV 7176** |
| | ) |
| | ) **Judge Coar** |
| v. | ) **Magistrate Judge Nolan.** |
| | ) |
| ABRAHAM COHEN, an individual, | ) |
| doing business as 355 MEDIA and | ) |
| 355media.com, | ) Jury Demanded |
| | ) |
| Defendant. | ) |

## FIRST AMENDED COMPLAINT

Plaintiff, Best Vacuum, Inc., ("Best Vacuum") through its attorneys, as is First Amended Complaint, alleges as follows:

## I.    SUMMARY

By this complaint, Best Vacuum seeks to prevent consumer confusion and protect "BESTVACUUM.COM," a federally-registered trademark, from intentional infringement and dilution by a direct competitor. ABRAHAM COHEN, doing business as "355 Media, and "355media.com" (collectively, "Cohen"), registered the Internet domain name "bestvacuumcleaner.net" and licensed this domain name to his client, MH Vacuum & Sewing Machine ("MH Vacuum"), for the purpose of operating an Internet Web store located at "bestvacuumcleaner.net" to compete directly with Best Vacuum's Internet business "bestvacuum.com."

In May of 1996 Best Vacuum registered the Internet Domain Name "BESTVACUUM.COM." Since then, Best Vacuum has actively promoted the use of the mark BESTVACUUM.COM on the Internet by advertising BESTVACUUM.COM on Internet search engines and directories and in magazines and newspapers. On March 6, 2007 the mark "BESTVACUUM.COM" was registered with the United States Patent & Trademark Office, Reg.

No. 3,214,717. Best Vacuum currently offers Vacuums, and accessories for sale directly to consumers via the Internet using the mark BESTVACUUM.COM.

In the Summer of 2007, Defendant Cohen licensed the "bestvacuumcleaner.net" domain name to his customer the MH Vacuum and shortly thereafter MH Vacuum began to advertise and promote itself and its vacuum cleaner products under the name "bestvacuumcleaner.net." Cohen's business 355 Media is engaged in the business of web site design and internet marketing. Cohen intentionally chose to register the name "bestvacuumcleaner.net" for his customer to use because of its similarity to bestvacuum.com®.

Cohen's licensing of "bestvacuumcleaner.net" and his design and marketing of an internet web site in direct competition with BESTVACUUM.COM, for the identical type of goods distributed through the same channels of trade, is likely to confuse consumers. The similarity between the "bestvacuumcleaner.net." and bestvacuum.com marks will lead some to conclude that "bestvacuumcleaner.net." was exclusively or jointly developed by, licensed or certified by, or is otherwise associated or affiliated with BESTVACUUM.COM. Indeed, customers of Best Vacuum have been *actually confused* by the similarity due to the proximity of the web sites in Internet Search Engine results. Consumers, especially those first-time buyers who are not sophisticated, or who learn about bestvacuum.com by word of mouth, are likely to be misled as to the source, sponsorship, or affiliation with "bestvacuumcleaner.net."

Preventing this confusion will help consumers to make fully informed choices about the products they purchase and the merchants from whom they purchase, and will therefore promote the consumer protection goals of the trademark and unfair competition laws.  In this action Best Vacuum seeks to enjoin MH Vacuum from using anything confusingly similar to the trade name and trademark BESTVACUUM.COM for the marketing and sale of a directly competing products.  The unfair competition laws do not allow a latecomer to copy a famous mark and "free

ride" on the goodwill associated with it. A myriad of other names are available. Best Vacuum's long term and extensive investment in BESTVACUUM.COM has made that mark famous. A direct competitor should not be allowed to benefit from that investment at the expense of Best Vacuum and to the detriment of consumers.

## II.    JURISDICTION AND VENUE

1.    This is a Complaint for Trademark Infringement, Trademark Dilution and Unfair Competition arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. § 1114(1)(Trademark Infringement), 15 U.S.C. § 1125(c)(Trademark Dilution), and 15 U.S.C. § 1125(a)(Unfair Competition), and for deceptive trade practice arising under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

2.    The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3.    The Court has personal jurisdiction over the defendant Cohen because the defendant maintains continuous and systematic commercial contacts with the State of Illinois. Also, the defendant has purposefully availed itself of the opportunity to conduct commercial activities in this forum, and this Complaint arises out of those activities. The defendant maintains a Web site at www.bestvacuumcleaner.net that actively and continuously solicits commercial interaction with Illinois residents, that actively displays, disseminates, and promotes the infringing "bestvacuumcleaner.net" domain name, and that urges other proprietors of websites in Illinois and throughout the United States to display and propagate the infringing marks. The publication and dissemination of the infringing trademark in Illinois is causing ongoing injury to Best Vacuum and dilution of the BESTVACUUM.COM trademark in Illinois.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claim occurred, and continue to occur, in the Northern District of Illinois.  The damage to Best Vacuum described herein takes place in the Northern District of Illinois.

### III.    THE PARTIES

5.      Best Vacuum is an Illinois corporation with its principal place of business in Chicago, Illinois. Best Vacuum's business activities include the sale of vacuums, accessories and related products.  Best Vacuum uses the BESTVACUUM.COM mark around the world to promote the sale of its products at its retail store location and through its Internet Web site.

6.      On information and belief, Defendant Abraham Cohen is an individual residing in the State of New Jersey and "355 Media" is Mr. Cohen' the assumed business. Despite attempts to locate information regarding the business known as "355 Media" Plaintiff is unable to locate any business registration records with the State of New Jersey or the county where Defendant Cohen conducts his operations. Defendant Cohen is licensing the domain name, marketing and selling directly competing vacuums, accessories and related products using a domain name that is confusingly similar to Plaintiff's registered trademark.

### IV.    STATEMENT OF FACTS

7.      Best Vacuum, Inc. is a world leader in the market for vacuum cleaners sold to consumers via the Internet.

8.      Since at least as early as 1983, Best Vacuum has used the trademark BEST VACUUM to promote its vacuum cleaner products for consumers.

9.      On August 30, 2004, Best Vacuum applied for the registration of its BESTVACUUM.COM trademark.  On March 6, 2007 the mark "BESTVACUUM.COM" was

registered with the United States Patent & Trademark Office, Reg. No. 3,214,717.  (A true and correct copy of the Registration Certificate is attached hereto as Exhibit A.)

10.     Since 1983, Best Vacuum has expended over $1 Million in marketing its BEST VACUUM products using the BEST VACUUM trademarks.  On average, Best Vacuum spends Sixty Thousand Dollars ($60,000) per month on Internet advertising alone. Best Vacuum continues to widely advertise and market the BESTVACUUM.COM trademark.

11.     Best Vacuum currently sells eight (8) different brands of vacuum cleaner and is the leading United States distributor of Miehle brand Vacuum Cleaners. Since its inception, Best Vacuum has sold to over fifty thousand (50,000) customers. This ongoing success is due at least in part to Best Vacuum's extensive effort to promote BESTVACUUM.COM trademark.

12.     The BESTVACUUM.COM trademark is broadly recognized both within the vacuum cleaner industry and among the general public as the brand identifier for Best Vacuum's products.   The fame and goodwill associated with the BESTVACUUM.COM trademark is one of Best Vacuum's most valuable corporate assets.

13.     Upon information and belief, Defendant Cohen registered the Internet domain name "bestvacuumcleaner.net" on December 6, 2006 for the purpose of designing and marketing an Internet web site for his client, MH Vacuum.

14.     Upon information and belief, Defendant Cohen registered the Internet domain name "bestvacuumcleaner.net" because of its similarity to Plaintiff's registered trademark, bestvacuum.com.

15.     On or about July 10, 2007, apparently in response to Plaintiff's letter dated June 11, 2007 to MH Vacuum, Defendant Cohen contacted Plaintiff's counsel via telephone and stated to Plaintiff's counsel that he was the "webmaster" for MH Vacuum, that he was aware of the case of "Best Vacuum, Inc. v. Ian Design, Inc., Civil Action No. 04-cv-2249," and that

Plaintiff Best Vacuum would have to try to stop him from using the bestvacuumcleaner.net domain name. True and correct copies of the June 11, 2008 and the July 10, 2008 letters are attached hereto as <u>Exhibit B</u>.

16.     On or about March 13, 2008, this court entered a Temporary Restraining Order, enjoining MH Vacuum for using the domain name "bestvacuumcleaenr.net."

17.     Shortly after the entry of the Restraining Order, MH Vacuum ceased using the domain name and Defendant Cohen began using the domain name to promote the products of Plaintiff's competitors. A true and correct copy of the current web site located at www.bestvacuumcleaner.net is attached hereto as <u>Exhibit C</u>.

18.     The domain name leads consumers to products that compete directly with Best Vacuum's products, including identical brands.

19.     On information and belief, Cohen has intentionally chosen to register the "bestvacuumcleaner.net" domain name to market and sell products that compete directly with BESTVACUUM.COM and to trade on the fame and goodwill associated with the BESTVACUUM.COM mark..

20.     The "bestvacuumcleaner.net" domain name and the BESTVACUUM.COM mark are nearly identical in appearance, sound and overall impression.

21.     As part of its ongoing promotional, marketing and sales effort, MH Vacuum maintains an interactive commercial website at www. "bestvacuumcleaner.net."

22.     Cohen's web site solicits consumers to send inquiries, send questions and get information about competing products. On information and belief users in the Northern District of Illinois have responded to these requests.

23.      Best Vacuum markets its products for sale to consumers at the retail level.  Best Vacuum also sells its products directly to individual consumers via the Internet through its Web

site located at www.bestvacuum.com. Therefore, by promoting competitors and competitors'
products to retail consumers through the Internet, Cohen is marketing identical products in the
same channels of distribution that are used by Best Vacuum.

24.    The use of the "bestvacuumcleaner.net" name to compete directly with the
BESTVACUUM.COM trademark is likely to cause consumer confusion, mistake, and deception.

25.    The similarity between the "bestvacuumcleaner.net" and BESTVACUUM.COM
marks is likely to lead consumers to mistakenly conclude that the "bestvacuumcleaner.net" and
Web site was exclusively or jointly developed by, licensed or certified by, or otherwise
sponsored or approved by Best Vacuum, or that Cohen is somehow otherwise affiliated,
connected, or associated with Best Vacuum. Consumers are likely to be misled as to the true
source, sponsorship, or affiliation of the products promoted on Cohen's web site.

26.    On information and belief, through its use of the "bestvacuumcleaner.net" name,
Cohen has intentionally and with knowledge sought to cause consumer confusion, mistake, and
deception.

27.    The ongoing promotion and dissemination of the "bestvacuumcleaner.net" name
is likely to lessen the capacity of the BESTVACUUM.COM trademark to identify and
distinguish Best Vacuum products. On information and belief, through the use of
"bestvacuumcleaner.net," Cohen willfully intended to dilute the ability of the
BESTVACUUM.COM trademark to identify and distinguish Best Vacuum products.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER LANHAM ACT § 32

28.    Plaintiff realleges paragraphs 1-27 of this Complaint as if fully set forth herein.

29.    Cohen's use of "bestvacuumcleaner.net" to promote, market, or sell products in
direct competition with the registered trademark BESTVACUUM.COM constitutes trademark

infringement pursuant to 15 U.S.C. § 1114.  Cohen's intentional and willful infringement of the BEST VACUUM trademark has caused and will continue to cause damage to Best Vacuum, and is causing irreparable harm to Best Vacuum for which there is no adequate remedy at law.

## COUNT II

### TRADEMARK DILUTION UNDER LANHAM ACT § 43

30.    Plaintiff realleges paragraphs 1-29 of this Complaint as if fully set forth herein.

31.    Cohen's use of "bestvacuumcleaner.net" to promote, market, or sell identical products constitutes willful Trademark Dilution pursuant to 15 U.S.C. § 1125(c).  Cohen's intentional and willful dilution of the registered trademark BESTVACUUM.COM has caused and will continue to cause damage to Best Vacuum, and is causing irreparable harm to Best Vacuum for which there is no adequate remedy at law.

## COUNT III

### UNFAIR COMPETITION UNDER LANHAM ACT § 43

32.    Plaintiff realleges paragraphs 1-31 of this Complaint as if fully set forth herein.

33.    Cohen's use of "bestvacuumcleaner.net" to promote, market, or sell products in direct competition with BESTVACUUM.COM constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a).  Cohen's use of "bestvacuumcleaner.net" marks is likely to cause confusion, mistake, and deception among consumers. Cohen's unfair competition has caused and will continue to cause damage to Best Vacuum, and is causing irreparable harm to Best Vacuum for which there is no adequate remedy at law.

## COUNT IV

### DECEPTIVE TRADE PRACTICES UNDER 815 ILCS 510/2.

34.    Plaintiff realleges paragraphs 1-33 of this Complaint as if fully set forth herein.

35.     Cohen's use of "bestvacuumcleaner.net" to promote, market, or sell products in direct competition with the registered trademark BESTVACUUM.COM constitutes a deceptive trade practice pursuant to 815 ILCS 510/2 et seq. Cohen's use of "bestvacuumcleaner.net" is an unfair or deceptive practice occurring in trade or commerce that impacts the public interest and has caused injury to Best Vacuum.  Cohen's unfair business practice has caused and will continue to cause damage to Best Vacuum, and is causing irreparable harm to Best Vacuum for which there is no adequate remedy at law.

**WHEREFORE**, Plaintiff, BEST VACUUM, respectfully prays that this Court:

1.     Issue a preliminary and permanent injunction, enjoining and prohibiting Cohen, and each and every natural personal and any other business entity, doing business under the assumed name 355 Media or 355media.com, or its agents, servants, employees, officers, attorneys, successors and assigns from:

(A)     Using the "bestvacuumcleaner.net" domain name, or any similar version thereof, in connection with the description, marketing, promotion, advertising, or sale of vacuum cleaners or other similar products;

(B)     Infringing Best Vacuum's BESTVACUUM.COM trademark;

(C)     Diluting Best Vacuum's BESTVACUUM.COM trademark;

2.     Order an award of damages against Cohen and each and every natural personal and any other business entity, doing business under the assumed name 355 Media or 355media.com, in an amount to be determined at trial;

3.      Order an award of treble damages against Cohen and each and every natural person and any other business entity, doing business under the assumed name 355 Media or 355media.com, as provided by Section 35(a) of the Lanham Act;

4.      Order an award of attorney's fees and costs against Cohen and each and every natural person and any other business entity, doing business under the assumed name 355 Media or 355media.com, as provided by Section 35(a) of the Lanham Act and 815 ILCS 510/3, and

5.      Any other or further relief that the Court deems appropriate.

## V.      JURY DEMAND

Plaintiff hereby demands a trial by jury of all issue in this case.

DATED this April 24, 2008.

Respectfully submitted,

BEST VACUUM, INC.


By:     [signed] /david m. adler/_____
         David M. Adler, One of its attorneys

Attorneys for Plaintiff Best Vacuum, Inc.

David M. Adler, Esq.
DAVID M. ADLER, ESQ. & ASSOCIATES, PC
161 North Clark Street, Suite 2550
Chicago, IL 60601
Phone: (312) 379-0236
Attorney No. 35543
ISBA #6242403